IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LATIDTUS JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 06-cv-0512-MJR-DGW |
| | ) |
| B. A. BLEDSOE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

Reagan, District Judge:

In June 2006, while held in federal custody at U.S.P.-Marion within this Judicial District, Latidtus Jones filed the above-captioned action seeking habeas relief pursuant to 28 U.S.C. § 2241. Jones' petition related to a pretrial detainer lodged against him by the Barntable County Massachusetts Sheriff's Office for a probation violation. Jones alleged that correctional officers were violating the Interstate Agreement on Detainers Act ("IADA") by not promptly disposing of the probation violation charge (i.e., by giving him a "speedy trial").

During the pendency of this action, Jones was moved to USP-Hazelton in West Virginia (venue and jurisdiction still lay within this District following that move). Respondent filed a brief in November 2006 seeking dismissal of the habeas petition, because (a) Jones had not shown that he was in federal custody in violation of any *federal* law or constitutional provision, (b) the IADA does not apply to probation violators at all, and (c) any claim for violation of the IADA must be brought before state authorities (Doc. 15).

On February 19, 2009, Respondent Bledsoe moved to dismiss this action, noting that Petitioner was released from federal prison on September 11, 2008, there was no detainer lodged against him on his release date, and thus the petition for habeas relief has been rendered moot (Doc. 17-1, p. 1). The arguments were supported by a sworn declaration and supporting exhibit (Docs. 17-2 & 17-3). Respondent's counsel mailed the motion to Jones at the last known address provided by him.

The mere fact a petitioner has been released from prison (and has completed a supervised release term which followed incarceration) does not necessarily render moot a pending habeas corpus petition. **See Curtis v.**

*Montgomery,* **552 F.3d 578, 581 (7th Cir. 2009)(Noting, in context of a habeas petition filed under 28 U.S.C. § 2254, "Curtis has been released from prison…, but … this change in status does not moot Curtis's petition").**

In *Spencer v. Kemna*, **523 U.S. 1, 7-8 (1998)**, the Supreme Court held that it was error for the district court to conclude that a habeas petition was moot just "because it no longer satisfied the 'in custody' requirement of the habeas statute." *Accord Phifer v. Clark*, **115 F.3d 496 (7th Cir. 1997)(holding, in context of § 2241 habeas petition, that petitioner's release did not, in itself, moot the petition).**

But a petitioner's release can moot a petition if it no longer presents a case or controversy under Article III, § 2 of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," and the "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer*, **523 U.S. at 7,** *quoting Lewis v. Continental Bank Corp.*, **494 U.S. 472, 477-78 (1990)**. In other words, the petitioner must be threatened with an actual injury "likely to be redressed by a favorable judicial decision." *Id.* So, once a petitioner's sentence has expired, some "collateral consequence" of the conviction must exist if the suit is to be maintained. *Id.* In the case at bar, the record discloses (and Jones has identified) no such consequence. His sentence has been completed, he is no longer in federal custody, and the Massachusetts detainer is no longer in force.

Moreover, dismissal of this petition is merited on an alternative, separate ground – Jones' failure to prosecute this action. Not only did Jones fail to respond to the motion to dismiss, but he also failed to keep this Court apprised of his current address. Accordingly, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

For all these reasons, the Court **GRANTS** Respondent's February 19, 2009 motion (Doc. 17) and **DISMISSES** this action both because it has been rendered moot and for Petitioner's failure to prosecute. Dismissal shall be with prejudice.

IT IS SO ORDERED.

DATED this 31st day of March 2009.

                              s/ Michael J. Reagan
                              MICHAEL J. REAGAN
                              UNITED STATES DISTRICT JUDGE